## BERRY v. BOYD.

1. **Stamps:** ADDITIONAL SECURITY: MORTGAGE. While one stamp may be sufficient for both instruments in case of a note and mortgage, it will not cover a second mortgage subsequently executed as additional security ; and the latter must be stamped in order to render it valid.

2. —— MORTGAGE FOR PRIOR DEBT NOT DUE. Under schedule B, section 160, chapter 173, Laws thirty-eighth Congress, mortgages executed to secure a debt before contracted, but not due, are subject to stamp duty the same as other mortgages.

*Appeal from General Term, Sixth District (Jasper County).*

FRIDAY, JANUARY 7.

ACTION of replevin. The defendant avers, in his answer, that one John W. Berry, being the owner and in possession of the personal property described in the petition, mortgaged the same, with other property, to defendant, to secure a certain promissory note executed by him prior to the date of the mortgage; that this mortgage was duly filed for record before plaintiff acquired the title under which he seeks to recover the property; that under this mortgage defendant took and holds possession of said property. The answer also avers that the said John W. Berry, at the time the said note was executed, and for the purpose of securing it, executed a mortgage upon certain real estate; that the mortgage first mentioned was made as additional security upon the note, and, at the time of its execution, the note was not mature; that the note was stamped with a sufficient amount of revenue stamps, but neither of the mortgages were, the defendant relying upon the stamps affixed to the note as a compliance with the United States revenue laws. To this answer plaintiff demurred, because it shows that the mortgage, under which defendant claims to hold the property, is not stamped. This demurrer was sustained.

Upon appeal by defendant to the General Term, the judgment of the Circuit Court was affirmed. He now appeals to this court.

*Clark & Ryan* for the appellant.

*Smith & Cook* for the appellee.

BECK J. — A single question arises upon the record. It is this: Is the second mortgage, under which defend-
ant claims to hold the property, invalid for want of a proper stamp?

*1. STAMPS: additional security: mortgage.*

It is conceded that the stamping of the note was sufficient for the first mortgage. § 160, chap. 173, Laws 38th Congress, 1863–4.

The points of contest are: Were the stamps upon the note sufficient to render the second mortgage valid? Or did the second mortgage, being executed to secure a prior debt not due, under the peculiar language of schedule B of the chapter above cited, require a stamp in order to make it valid?

I. The act above cited requires mortgages to be stamped. But section 160 provides, that, in the case of a note secured by a mortgage, one stamp shall be sufficient for both instruments if it be placed upon the instrument requiring the greatest stamp. Now, it is obvious that a stamp, under this provision, upon the note, is used for the purpose of paying the duty upon the mortgage as well as upon the note. It cannot discharge the duty upon the second mortgage; for, if it could, it would be used to discharge the duty on three instruments, which cannot be admitted. The second · mortgage must pay the duty as well as the first, and for that purpose it must be stamped. The stamp on the note was used to pay the duty on the first, and therefore is not sufficient for the second mortgage.

II. The counsel for defendant contend, that a stamp is not necessary to the validity of the mortgage, and base their
argument to sustain this position, upon the peculiar language of schedule B, providing for the imposition of stamp duties upon mortgages, which is as follows:

*2. —— mortgage for prior debt not due.*

" Mortgages of lands, estate or property, real or per-

sonal, * * * when the same shall be made as security for the payment of any definite and certain sum of money lent at the time, or previously due and owing, or forborne to be paid, being payable," etc.

It is insisted that this language describes such mortgages only as are given for money lent at the time, or for money previously due, and does not include those given for a debt before contracted but not due. The mortgage under which defendant claims the property in dispute, being given to secure a debt previously contracted, but not due, it is insisted, is not described by the foregoing language of schedule B. We are of a different opinion. The phrases "forborne to be paid," "being payable," qualifying the subject, — "sum of money," — do not convey the idea that the money must be due when the mortgage is executed in order to bring it within the class of instruments described. Upon a different construction of these phrases defendant's counsel arrive at their conclusion.

The other points made in the brief of defendant's counsel were not relied upon in the argument. We are therefore not required to discuss them.

Affirmed.